[No. 28665. Department One. July 13, 1942.]

ALLIS-CHALMERS MANUFACTURING COMPANY, *Respondent*, v. A. A. ASMUSSEN, *Appellant*.[1]

*R. L. Clinton*, for appellant.

MILLARD, J.—As the transferee and owner of two past due promissory notes, of which A. A. Asmussen was the maker and Advance-Rumely Thresher Company was the payee, Allis-Chalmers Manufacturing Company, by second amended complaint, sought recovery against the maker and his wife on those two notes. The complaint does not disclose whether the plaintiff

[1]Reported in 127 P. (2d) 681.

is a corporation or a copartnership; the second amended complaint merely recites:

"Comes now the plaintiff above named and for cause of action against the defendants herein complains and alleges . . ."

The verification was made by plaintiff's attorney.

Defendants' demurrer, on the grounds that plaintiff had no legal capacity to sue and that the court did not have jurisdiction of the persons of the defendants, was overruled. Defendants by answer denied the allegations of the complaint, and pleaded, as affirmative defenses, that defendant wife was not liable, as the obligation was incurred by defendant husband prior to formation of defendant marital community, and that defendants returned to payee the machinery in payment for which the notes were executed, pursuant to an agreement obligating the payee to cancel and surrender the notes to defendants. Incapacity of plaintiff to sue was not raised by answer.

Trial of the cause to the court resulted in dismissal of the action as to defendant wife, and findings of fact in favor of plaintiff, Allis-Chalmers Manufacturing Company, against defendant husband, who appealed from judgment entered in conformity to the findings. Counsel for appellant assigns as error overruling of demurrer to the complaint on the ground that the respondent had no legal capacity to sue. Respondent has not filed a brief.

The statute (Laws 1937, chapter 70, p. 245, § 12, Rem. Rev. Stat. (Sup.), § 3836-12 [P. C. § 4656-63]) provides that no corporation shall be permitted to commence or maintain any action in any court of this state without *alleging and proving* that it has paid or contracted to pay all license and other fees required of corporations under the laws of this state.

If the incapacity to sue plainly appears on the

face of the complaint, defendant should take advantage thereof by demurrer, or, if it does not so appear, the issue should be raised by answer. The demurrer may specify the ground, as appellant did in the case at bar, in the language of the statute. Rem. Rev. Stat., §§ 259, 260 [P. C. §§ 8346, 8347].

The complaint shall contain, among other things, the names of the parties to the action, plaintiff and defendant. Rem. Rev. Stat., § 258 [P. C. § 8345]. If respondent is a corporation, the complaint should disclose that fact and allege that the corporation has complied with the statutory condition precedent to maintenance of the action. Laws 1937, chapter 70, § 12. If respondent is conducting business under an assumed name or if respondent is a copartnership, the complaint should disclose the true name or names of the plaintiff or plaintiffs having an interest in the action.

By his demurrer, appellant properly and timely challenged the legal capacity of respondent to prosecute the action. The incapacity of "Allis-Chalmers Manufacturing Company" to prosecute the action plainly appears on the face of the complaint.

The judgment is reversed and the cause remanded, with direction to dismiss the action.

ROBINSON, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.